## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____

DEREK SIMPKINS                              )
2707 LIME STREET                            )
TEMPLE HILLS, MD 20748                      )
                                            )
      Plaintiff,                           )    Case No.:
                                            )    Judge:
v.                                          )
                                            )
                                            )
MONTGOMERY COUNTY GOVERNMENT                )
ISIAH LEGGETT                               )
COUNTY EXECUTIVE                            )
EXECUTIVE OFFICE BUILDING                   )
101 MONROE STREET, 2ND FLOOR                )
ROCKVILLE, MD 20850                         )
                                            )
And                                         )
                                            )
MONTGOMERY COUNTY DEPARTMENT                )
OF CORRECTIONS AND REHIBILITATION           )
ARTHUR WALLENSTEIN                          )
DIRECTOR                                    )
51 MOROE STREET                             )
ROCKVILLE,  MD 20850                        )
(INDIVIDUALLY AND                           )
IN HIS OFFICIAL CAPACITY)                   )
                                            )
And                                         )
                                            )
ERT OFFICER MOISER                          )
MONTGOMERY COUNTY DEPARTMENT                )
OF CORRECTIONS AND REHIBILITATION           )
51 MOROE STREET                             )
ROCKVILLE,  MD 20850                        )
(INDIVIDUALLY AND                           )
IN HIS OFFICIAL CAPACITY)                   )
                                            )

1

And                                                  )
                                                     )
ERT OFFICER KEEN                                     )
MONTGOMERY COUNTY DEPARTMENT                         )
OF CORRECTIONS AND REHIBILITATION                    )
51 MOROE STREET                                      )
ROCKVILLE,  MD 20850                                 )
                                                     )
And                                                  )
                                                     )
ERT OFFICER COLBY                                    )
MONTGOMERY COUNTY DEPARTMENT                         )
OF CORRECTIONS AND REHIBILITATION                    )
51 MOROE STREET                                      )
ROCKVILLE,  MD 20850                                 )
(INDIVIDUALLY AND                                    )
IN HIS OFFICIAL CAPACITY)                            )
                                                     )
And                                                  )
                                                     )
SHIFT SUPERVISOR OFFICER T. CARROLL )
MONTGOMERY COUNTY DEPARTMENT                         )
OF CORRECTIONS AND REHIBILITATION                    )
51 MOROE STREET                                      )
ROCKVILLE,  MD 20850                                 )
(INDIVIDUALLY AND                                    )
IN HIS OFFICIAL CAPACITY)                            )
                                                     )
                    **Defendants.**                  )
_____ )

## **COMPLAINT**

COMES NOW Plaintiff, Derek Simpkins by and through undersigned counsel, and files

this complaint for damages against Defendants Montgomery County Government, Isaiah Leggett

County Executive; Montgomery County Department of Corrections & Rehabilitation,  Arthur

Wallenstein in his official and individual capacities; Montgomery County Department of

Corrections & Rehabilitation ERT Officer Mosier in his official and individual capacities;

Montgomery County Department of Corrections & Rehabilitation ERT Officer Keen in his official and individual capacities; Montgomery County Department of Corrections & Rehabilitation ERT Officer Colby in his official and individual capacities; and Montgomery County Department of Corrections & Rehabilitation Shift Supervisor Officer T. Caroll, in his official and individual capacities .In support of his claim, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. This action properly lies in the District Court of Maryland  pursuant to 42 U.S.C. § 1983 et seq; 28 U.S.C. § 1331; 28 U.S.C. § 1343 and 28 U.S.C. § 1391, because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  Venue is proper within the   U.S. District of Maryland.

2. This Complaint also includes pendant state law claims founded in the facts as set forth more fully below arising out of the same operative situation.

## PARTIES

3. Plaintiff Derek Simpkins ("Simpkins) is a citizen and resident of the State of Maryland.

4. Defendant  Montgomery County Government, (Montgomery County) is a municipality which upon information and belief controls and operates the Defendant Montgomery County Department of Corrections and Rehabilitation (MCDCR) located in Boyds, Maryland.  The Honorable Isaiah Leggett is the County Executive for Montgomery County and he is named and sued in his official capacity.  Mr. Arthur Wallenstein is the Director of MCDCR and he is sued in both his official  and individual capacities.

5. Officer Mosier ("Mosier") at all times relevant hereto was an Emergency Response Team (ERT) Officer for MCDCR  and is being sued in his official and individual capacities.

6.   Officer Keen ("Keen") at all time relevant hereto was an ERT Officer for MCDCR and is being sued in his official and individual capacities.

7.   Officer Colby ("Colby") at all times relevant hereto was an ERT Officer for MCDCR and is being sued in his official and individual capacities.

8.   Officer T. Carroll ("Carroll") at all times relevant hereto was upon information and belief the ERT Shift Supervisor and an employee of MDCDR with supervisory authority,  he is being sued in his official and individual capacities.

## FACTS COMMON TO ALL COUNTS

9.     Plaintiff, while incarcerated at the MCDCR on October 2, 2004  was physically assaulted when  without provocation, he was punched in the face by another incarcerated individual inmate who upon information and belief was named "Hawthorne.

10.     Plaintiff did not throw any punches during the confrontation but, instead, attempted to utilize as little force as possible to diffuse the situation.  Plaintiff wrapped Mr. Hawthorn around his waist taking him to the floor and sitting astride him.  He thereby  restrained Mr. Hawthorne in a "clinch" in order to avoid further attack.

11.     Upon information and belief Defendants Mosier, Keen, and Colby responded to the disturbance in addition to Officers Lee and Silcox who upon information and belief made the distress call and issued the official incident report.

12.     Upon information and belief, each of the individuals identified in paragraph 10 and above was employees  of the MCDCR and/or of Montgomery County.

13.     Upon information and belief, some or all of the individuals identified in paragraph 10 and above were members of the MCDCR Emergency Response Team.

4

14.     Upon information and belief,   Officer Mosier grabbed Plaintiff from behind simultaneously applying pressure to both his back and neck.

15.     Upon information and belief, Officer Keen struck Plaintiff's knee with a blow causing Plaintiff's leg to break.

16.     Plaintiff was caused to momentarily lose consciousness.

17.     At no time did any of the officers demand that Plaintiff stop, drop to his knees, or otherwise direct Plaintiff to cease his holding  Hawthorne prior to their initiating physical attacks upon Plaintiff.

18.     When Plaintiff's consciousness returned his knee was severely injured causing him excruciating pain.

19.     Upon information and belief,  some or all of the individuals identified in paragraph 10 and above  have received training  or reasonably should have received training in physical combat, personal defense, or other skills for dealing with violent or potentially violent situations.

20.     Upon information and belief,  some or all of the individuals identified in paragraph 10 and above have received training or reasonably should have received training in identifying a hostile or potentially hostile situation so as to  determine a reasonably warranted level of physical violence once presented with a particular situation.

21.     Upon information and belief,  some or all of the  individuals identified above, are employees, agents, or assigns within the organizational hierarchy which includes MCDCR and includes the Montgomery County and they are trained or reasonable should be trained in first aid sufficient to determine whether someone should receive the assistance of a stretcher or other means to prevent placing human weight on an injured extremity.

22.    Plaintiff informed Officers Carroll, Keen, Colby and anyone within is reasonably hearing, that his leg was definitely broken.

23.    Defendants knew or reasonably should have known through the exercise of due diligence that Plaintiff was severely injured on his leg and further that placing further body weight on that injury would both increase pain and possibly aggravate that injury.

24.    Defendants knew, or reasonably should have known through the exercise of due diligence that walking upon Plaintiff's injured leg   for anything but a minimal distance would cause extreme pain.

25.    It was reasonably anticipatable  to Defendants that within the course of dealing with the regular course of business at the MCDCR that someone could become injured in such a manner that they would be unable to move more than a minimal distance without the aid of assistance.

26.    Defendants had or reasonably should have had a policy for addressing situations reasonably anticipatable as set forth in paragraph 24 above so that the injured party did not become further injured by reason of the failure of Defendants to exercise reasonable care.

27.    Officers Keen and Colby, without the aid or review of medical personnel or the use of a stretcher or other means to reduce pressure on Plaintiff's severely injured knee, directed Plaintiff to walk on his broken leg approximately 100 yards to the medical department with his hands restrained behind his back.  This walk included at least one ramp or incline.

28.     Plaintiff was in excruciating pain at all times during this walk and he both informed anyone within reasonable hearing that he was both in pain and that he requested assistance multiple times.

29.    Officers Keen and Colby merely laughed at Plaintiff  and told him to "suck it up."

30.     Officers Keen and Colby caused Plaintiff's bicep to become ruptured by walking him in this manner as set forth above allowing him to fall several times during the walk en-route to the medical department.

31.     At medical,  Plaintiff was minimally reviewed by "Frank"who was the nurse on duty. Frank dispense Plaintiff the medication  I-Prin for his pain.  Upon information and belief,  I-Prin is an insufficient pain reliever for the extent of the injury suffered by Plaintiff.

32.     Instead of providing Plaintiff with a wheel chair or other aid, the officers again directed him to walk from the medical department to a unit where he was placed in an administratively segregated cell in which he  remained  from October 2nd 2004 through October 5, 2004 without further medical treatment for the injuries he sustained on October 2, 2004..

33.     Plaintiff made pleas for  medical assistance from the second through the fifth whenever staff came anywhere near his segregated cell.

34.     Plaintiff caused to have drafted several administrative Grievance Forms during this period of time  while was confined in segregation without treatment.

35.     Defendants first  provided Plaintiff with essential medical treatment when he was seen by Dr. Knolmayer, on or about October 6, 2004 .

36.     Officers Mosier, Keen, Colby, and Carroll acted maliciously, callously, an in an outrageous manner recklessly disregarding the reasonable likelihood of causing Plaintiff injury, pain or suffering.

37.     Defendants in is forcing the injured Plaintiff to walk without the aid of any assistance to remove weight from his knee on October 2, 2004 evidences a failure to exercise reasonable care and or a reckless indifference to causing Plaintiff further injury, pain, or suffering.

7

38.     Defendants in leaving Plaintiff in segregation without adequate medical treatment or pain management from October 2, 2004 through October 6, 2004 evidences a failure to exercise reasonable care or a reckless indifference to causing Plaintiff further injury, pain, or suffering.

39.     Officers Mosier, Keen, and Colby utilized force far greater or in excess of what was necessary or legitimate under the circumstances set forth more fully above.

40.     Officer Keen knew of he should have known that the use of a blow striking Plaintiff's Knee was reasonably likely to cause harm.

41.     Plaintiff asserts the theory of *respondeat superior*.

42.     At all times relevant to this action, the MCDCR had in effect and was responsible for the policies and procedures followed by the correctional officers in the actions taken relating to the Plaintiff, and was further responsible for the training, supervision, monitoring and disciplining of the officer involved.

43.   Plaintiff has provided Defendant the required notice under the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 5-304.

## COUNT I

### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. SECTION 1983
### EXCESSIVE FORCE

44. Plaintiff incorporates by reference all the allegations in paragraphs 1 through 43.

45. Plaintiff further alleges that the Defendant Keen, with deliberate indifference to, reckless disregard for the safety and well-being of the Plaintiff and in violation of 42 U.S.C. section 1983, did on October 2, 2004 used excessive force which deprived Plaintiff of his constitutional rights without affording him due process of law in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution. At all times relevant herein, the Defendants had a duty to

employ only reasonable measures in his treatment of the Plaintiff.

46. Plaintiff further alleges that the Defendant Colby, with deliberate indifference to, or with reckless disregard for the safety and well-being of the Plaintiff and in violation of 42 U.S.C. section 1983, did on October 2, 2004 used excessive force which deprived Plaintiff of his constitutional rights without affording him due process of law in violation of the Fourth, Fifth, Eighth. and Fourteenth Amendments to the U.S. Constitution. At all times relevant herein, the Defendant officers had a duty to employ only reasonable measures in his treatment of the Plaintiff.

47. Plaintiff further alleges that the Defendant MCDCR, with deliberate indifference to, reckless disregard for the safety and well-being of the Plaintiff and in violation of 42 U.S.C. section 1983, did on October 2, 2004 by actions and/or omissions of its agents, employees or assignees deprived Plaintiff of his constitutional rights without affording him due process of law in violation of the Fourth, Fifth, Eighth. and Fourteenth Amendments to the U.S. Constitution when they caused Plaintiff to sit in segregation for several days with what was later determined to be a "Lateral Tibial Plateau Fracture of his Knee."

48. At all times relevant herein, Defendant MCDCR and its officers had a duty to reasonably determine the extent of Plaintiff's injuries, once injured and take reasonable measures to obtain reasonably appropriate  treatment of Plaintiff's injuries within a reasonably appropriate time period.

49. Alternatively, at all times relevant herein,  Defendants had a duty not to take any actions which they knew or reasonably should have known through the exercise of due diligence would be likely to cause Plaintiff further injury pain or suffering.

50. Notwithstanding said duties, the Defendant officers and Defendant Montgomery County, through its employees and/or agents, wrongfully and unlawfully used excessive and unreasonable force on Plaintiff, inasmuch as limited force required warranted under the circumstances.

51. Notwithstanding said duties, the Defendant officers and Defendant Montgomery County, through its employees and/or agents, wrongfully and unlawfully failed to take any measures to determine the extent of Plaintiff's injuries and failed to provide treatment for him within a reasonable period of time following the injuries sustained or alternatively they failed to take any action to prevent reasonably anticipatable pain, suffering, or further injury.

52. The actions of Defendants, Mosier, Keen, Colby and Carroll, acting as agents, servants and/or employees of Defendant Montgomery County, acted under color of state law, including existing statutes, ordinances, regulations, customs and policies of Defendant Montgomery County.

53. As a direct and proximate result of Defendants Mosier and Keen's unprovoked and violent attack upon Simpkins, Plaintiff sustained physical and emotional injuries.

54. As a direct and proximate result of defendant Keen and Colby's forcing Plaintiff to walk for approximately 100 yards on his severely injured knee,  while hand cuffed causing him to fall several times during the walk, Plaintiff sustained physical and emotional injuries.

55. As a direct and proximate result of the failure of Defendant MCDCR to cause Plaintiff to be diagnosed and treated in a reasonable period to time proximate to his injury, Plaintiff has sustained permanent physical injuries and further emotional injuries.

56. As a direct and proximate result of the failure of Shift Supervisor Caroll to exercise a reasonable supervisory and managerial response,  Plaintiff has sustained physical injuries, some of which were permanent and further emotional injuries.

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court enters:

(a)        Judgment against Defendants Montgomery County, MCDCR, Officers Keen,

Mosier, Carroll, and Colby jointly and severally for compensatory damages in an

amount in excess of two hundred and fifty thousand dollars ($250,000.00);

(b)        Judgment against Defendants Keen and Colby for punitive damages in an

amount in excess of one million dollars ($1,000,000.00) for Keen's violent attack

upon Simpkins and Keen and Colby's forcing Plaintiff to walk approximately 100

yards to Medical to deter similar conduct in the future.

©         Judgment against Defendants for reasonable attorneys fees, costs and such

other relief as this Court deems just and proper.

## COUNT II
## <u>ASSAULT AND BATTERY</u>

57. Plaintiff incorporates by reference all the allegations in paragraphs 1 through 56.

58. That Defendants Mosier, Keen and Colby created fear and reasonable apprehension in

Plaintiff through unlawful and unjustified touching or contact with his person.

59. That Defendants Mosier and Keen in their individual capacities while working in the course

of their employment and the scope of his authority, struck Plaintiff violently without provocation,

need to protect others, or consent.

60. That Defendants Keen and Colby in their individual capacity while working in the course of

their employment and the scope of their authority, caused Plaintiff to walk on a limb that they

knew or through exercise of reasonable care should have known was broken and should not have

additional weight applied to it.

61. That Defendants Mosier and Keen alternatively, acting outside the scope of their employment

11

and the scope of their authority caused plaintiff's knee to become broken and to loose consciousness.

62. That as a direct and proximate result of the aforementioned Defendant actions,

Plaintiff have suffered injury and damages, including but not limited to physical injury, humiliation, loss of reputation, loss of self-esteem, fear, embarrassment and mental anguish.

**WHEREFORE,** Plaintiff respectfully pray this Honorable Court enters:

    (a) Judgment against Defendants Montgomery County, MCDCR, Officers Keen, Mosier,

           Carroll, and Colby jointly and severally  for compensatory damages in an amount in

           excess of two hundred and fifty thousand dollars ($250,000.00);

    (b) Judgment against Defendants Keen and Colby  for punitive damages in an

amount in excess of one million dollars ($1,000,000.00) to Medical to deter similar conduct in the future.

    (c ) Judgment against Defendants for reasonable attorneys fees, costs and such

other relief as this Court deems just and proper.

### COUNT III
### NEGLIGENT  AND/OR GROSS NEGLIGENCE

63. Plaintiff incorporates, by reference , Paragraphs 1 through 62 above as if fully set forth herein.

64. Defendants owed a duty of care to Plaintiff to exercise measured force when reasonably necessary in response to legitimate needs.

65. Defendants, as set forth more fully above breached this duty of care to plaintiff.

66. Defendants' breach of the duty of care set forth above was the proximate cause of harm to plaintiff.

67. Defendants owed a duty of care to Plaintiff to take no actions which would be reasonably likely to cause plaintiff un-necessary harm.

68. Defendants, as set forth more fully above breached this duty of care to Plaintiff through acts and omissions as set forth more fully above including abut not limited to forcing Plaintiff to walk on a knee which they knew or reasonably should have known was severely injured; and allowing several days to pass while holding Plaintiff in segregated confinement without providing Plaintiff essential medical care.

69. Defendants' acts and omissions evidence an intent to cause plaintiff injury, pain, or suffering, or a reckless disregard to reasonably likely result of their acts and omissions.

70. Defendants' breach of this duty of care to Plaintiff was the proximate cause of injury to Plaintiff.

71. Defendants Montgomery County and MCDCR are responsible for the acts and omissions of the individual defendants taken in furtherance of their business by reason of respondeat superior.

**WHEREFORE**, Plaintiff demands as follows:

(a)     Judgment against the aforementioned Defendants jointly and severally for compensatory damages in an amount in excess of two hundred fifty thousand dollars ($250,000.00); and

(b)     Judgment against the individual Defendants for punitive damages in an amount in excess of one million dollars  ($1,000,000.00) for his action towards Plaintiff and to deter similar conduct in the future; and

(c)     Judgment against all the aforementioned Defendants for reasonable attorney fees,

13

costs and such other relief as the Court deems proper.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION

72.     Plaintiff incorporates, by reference, paragraphs 1 through 71 as if fully set

forth herein.

72. At all times relevant herein, the officer responsible the acts and omissions set forth more fully

above which were the proximate cause of injury to plaintiff, were acting under the authority,

direction and control, and pursuant to the rules, regulations, policies and procedures, of

Defendant Montgomery County and/or Defendant MCDCR implemented by Defendant

Montgomery County and/or Defendant MCDCR.

73. Defendants Montgomery County and MCDCR acted negligently, carelessly, recklessly and

deliberately indifferent by failing to properly train, supervise, control, direct and monitor the

officers in their duties and responsibilities.

74. Plaintiff was wrongfully and unlawfully caused to become unconscious, caused to have a

broken knee, caused to have a ruptured bicep, or otherwise caused Plaintiff to be injured

when he was struck, and/or when  Plaintiff was forced to walk approximately 100 yards on a

fractured knee, and/or when Plaintiff was not provided adequate medical care or review for

several days as a direct and proximate result of the acts and omissions of Defendants

Montgomery County, Defendant MCDCR, and their agent supervisors on seen.

        **WHEREFORE**, Plaintiff demands as follows:

(d)             Judgment against the aforementioned Defendants Montgomery County and

            Montgomery County Department of Corrections and Rehabilitation jointly and

14

severally for compensatory damages in an amount in excess of two hundred fifty

thousand dollars ($250,000.00); and

(e)     Judgment against the aforementioned Defendants Carroll for punitive damages in

an amount in excess of one million dollars  ($1,000,000.00) for his action towards

Plaintiff and to deter similar conduct in the future; and

(c)     Judgment against all the aforementioned Defendants for reasonable attorney fees,

costs and such other relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues.


Respectfully Submitted,
Plaintiff, Derek Simpkins
By Counsel:

_____/s/_____
Richard Lloyd Thompson, Esq.
Federal Bar No.  15980
*Of Counsel*
The Law Firm of Nathaniel D. Johnson,
LLC
3474 Leonardtown Road
Waldorf,  MD 20602
301-645-9103-Phone
240-363-0747-Fax


**Attorney for Plaintiff**

15