# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEREK SIMPKINS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. PJM 07-2657 |
| | * | |
| MONTGOMERY COUNTY | * | |
| GOVERNMENT, et al. | * | |
| | * | |
| Defendants | * | |

## **MEMORANDUM OPINION**

### I.

Derek Simpkins alleges violation of his civil rights under 42 U.S.C. § 1983 by Montgomery County, Maryland and Officers Carroll, Colby, Keen and Moiser, while he was incarcerated at the Montgomery County Department of Corrections and Rehabilitation (MCDCR). The essence of his claim is that he was physically assaulted by another inmate, further assaulted by one or more of the Defendant Officers, and thereafter insufficiently attended to in the medical unit of the facility.

Presently before the Court is the Motion of Defendants to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 37(d) or in the alternative to grant them fifteen days after the Court's denial of the Motion to file a Motion for Summary Judgment.

The response of Simpkins and his counsel is a sorry one which, in other circumstances, might well occasion dismissal of his claim, but all things considered, the Court declines to do so. It is useful, however, to recite the procedural history of the case.

II.

Suit was filed on October 2, 2007. On November 13, 2008, Defendants sent interrogatories and a request for documents to Plaintiff's counsel. Soon after, one of Plaintiff's counsel apparently suffered a stroke and requested a thirty day extension to respond to the discovery requests. Defense counsel readily agreed to this. Then on January 12, 2009, just before the thirty day extension was to expire, Plaintiff's counsel sought an additional three month extension, which defense counsel again agreed to. However, on January 28, 2009, defense counsel asked Plaintiff's counsel to respond to the overdue discovery by February 24, 2009, which Plaintiff's counsel indicated he would do, then did not do. Subsequent consents by defense counsel extended the time for Plaintiff to file responses to May 2, 2009.

Within that deadline, Plaintiff's counsel still failed to furnish responses to the interrogatories and requests for documents. Additionally, Plaintiff's counsel provided no date that Plaintiff would be available for deposition, a request that had been made by defense counsel on February 24, 2009.

Against this background, Defendants ask the Court to dismiss the case.

III.

The Fourth Circuit applies a four-part test when considering dismissal of a case for discovery noncompliance: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mutual Fed Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (finding that plaintiff acted in bad faith when he did not respond to defendant's discovery requests despite four months to do so, that defendant was prejudiced by receiving no information from plaintiff, that a disregard for discovery deadlines should be deterred, and that a less drastic sanction would not have been more effective).

Defendants here argue that, as in *Mutual Fed Sav. & Loan Ass'n*, Plaintiff acted in bad faith by not responding to their discovery requests for over six months, particularly given that almost three years from the underlying incident passed before suit was filed. Defendants claim they would be prejudiced by having to proceed to trial without the requested discovery.

Plaintiff's counsel engage in an elaborate explanation of the cause of their delays, beginning with the indication that original lead counsel, Richard Lloyd Thompson, II, Esquire, suffered two strokes within seventy-two hours during the first week of November, 2008. Plaintiff's other attorney, who took over as lead counsel from Thompson, claims to have been busy managing other cases at the same time. Plaintiff's counsel argue that their delay has not been in bad faith, but rather was occasioned by the aforementioned

circumstances, plus counsel's "difficult accessibility" to Plaintiff, who they say resides at a shelter and is largely unavailable for direct contacts or communications. Plaintiff's counsel dispute that Defendants have been prejudiced as a result of the delay, and suggest that Defendants have never noticed a deposition for Plaintiff. Further, based on supposed equitable principles, Plaintiff's counsel say Defendants should not be able to seek relief when they themselves failed to produce discovery responses until the very last day of discovery.

Capping all this, Plaintiff's counsel suggest that they have now submitted discovery responses and the matter is ready to go forward.

IV.

Defendants are quite right that Federal Rule of Civil Procedure 37(d) does not require a court to issue a warning to a plaintiff informing him that his Complaint will be dismissed if he fails to answer interrogatories.

Discovery ended on May 2, 2009 and the Plaintiff filed no motion to extend the period beyond that date. Defendants' Motion to Dismiss came on May 15, 2009. Finally, on June 4, 2009, yet again past the discovery deadline, Plaintiff's counsel e-mailed their discovery responses albeit, it seems, with no attachments.

V.

The Court is not inclined to find bad faith on the part of Plaintiff's counsel in responding to discovery in this case. On the other hand, their performance is certainly less than commendable. The short of the matter is that counsel have neglected their obligations to provide discovery, physical ailments notwithstanding. When an attorney becomes

physically unable to go forward with a pending lawsuit, it is the attorney's professional responsibility to see that other counsel who is able to go forward is substituted in his place. It is no answer for other counsel to say that he was very busy with a heavy caseload when engaged and therefore is entitled to be dilatory in the case he inherits. If substitute counsel was that busy, he should not have agreed to enter the case. Nor is it acceptable to say that it is difficult to communicate with a homeless Plaintiff and that unspecified additional time should be allowed to locate that person. The "homeless" person is the one who brought the suit; it is up to his counsel to see that his case proceeds with dispatch.

The Court will DENY the Motion to Dismiss, but with a very sharp warning to Plaintiff and Plaintiff's counsel that if they fail to strictly comply with the requirements of the Federal Rules of Procedure hereafter, the Court will impose sanctions, including possible dismissal of the case. Plaintiff's counsel in particular are directed to pay close attention to the progress of this case and make sure that it goes forward in timely fashion.

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED. Defendants are given thirty days in which to file a Motion for Summary Judgment.

A separate Order will issue.

                              /s/
**August 26, 2009**                 **PETER J. MESSITTE**
                           **UNITED STATES DISTRICT JUDGE**